UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaVELL ROCKYMORE,

                Plaintiff,         Civil Action No. 21-10513

v.                                      Terrence G. Berg
                                      United States District Judge

CONTINENTAL MANAGEMENT,    David R. Grand
*et al.*,                                    United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 9)

This is an employment discrimination case brought by *pro se* plaintiff LaVell Rockymore ("Rockymore") against his former employer, Continental Management, and five of its current or former employees (collectively "Defendants"). (ECF No. 1). In his complaint, Rockymore, who is African-American, appears to allege claims for both race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and certain unspecified state laws. (*Id.*, PageID.4, 5, 7). On May 17, 2021, an Order of Reference was entered, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 10).

On May 13, 2021, Defendants filed a motion to dismiss Rockymore's complaint in its entirety. (ECF No. 9). Rockymore filed a response in opposition to Defendants' motion, and Defendants filed a reply. (ECF Nos. 16, 17). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the

parties' briefs and on the record, and it declines to order a hearing at this time.

## I. RECOMMENDATION

For the following reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss **(ECF No. 9)** be **GRANTED.**

## II. REPORT

### A. The Allegations in Rockymore's Complaint

In his complaint, Rockymore alleges that he worked for Continental Management for more than eight years with "commitment and consistency." (ECF No. 1, PageID.1). He further asserts that, in July and August of 2019, he reported several racist and derogatory remarks allegedly made by a co-worker, John Sapien, to defendants Patrina Smith, Ruth Simpson, and others. (*Id.*, PageID.6, 8). Rockymore alleges that his employment was terminated on August 22, 2019, in retaliation for his complaints regarding his co-worker's use of racist and derogatory language. (*Id.*, PageID.6).

### B. Rockymore's Charge of Discrimination

On January 14, 2020, Rockymore filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Continental Management, alleging race discrimination and retaliation under Title VII. (ECF No. 9-1, PageID.73). On August 6, 2020, the EEOC dismissed Rockymore's charge and issued a Notice of Right to Sue ("RTS") letter informing him of the need to file his federal claims within 90 days of receipt of that document. (ECF No. 1, PageID.10-11, 14). Rockymore's federal court complaint, which is dated January 30, 2021 (*Id.*, PageID.12), was received by the Court on March 8, 2021 (*Id.*, PageID.19).

### C. Defendants' Motion to Dismiss

In their motion to dismiss, Defendants argue that: (1) Rockymore's Title VII claims are barred because he failed to file suit within 90 days of receipt of the RTS letter issued by the EEOC; (2) Rockymore's state law claims are also untimely because they were filed more than six months after any claim or cause of action arose, in violation of the contractual limitations period to which he specifically agreed; and (3) Rockymore's Title VII claims against the individual defendants fail because Title VII does not allow for individual liability. (ECF No. 9, PageID.49). For the reasons set forth below, the Court finds merit to each of these arguments.

### D. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Because a plaintiff need not plead around affirmative defenses, that rule "'is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations'" defense. *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611, 616 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). "But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case … dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo*, 676 F.3d at 547.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints

4

still must plead facts sufficient to show a redressable legal wrong has been committed[.]" *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

When a court is presented with a motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Jones v. ETS Staffing*, No. 09-14374, 2011 WL 1627634, at *1-2 (E.D. Mich. Apr. 28, 2011) (judicial notice taken of EEOC RTS letter appended to motion to dismiss *pro se* plaintiff's federal discrimination action). Here, under these principles, the Court may take judicial notice of Rockymore's EEOC charge and the RTS letter. Additionally, the Court may consider Continental Management's handbook and Rockymore's acknowledgement of the same to the extent the terms and conditions of these documents are central to Rockymore's claims. *See, e.g., Brown v. EQ Indus. Svcs., Inc.*, No. 18-11623, 2019 WL 1988565, at *3-4 (E.D. Mich. May 6, 2019).

  **E.**  **Analysis**

   *1.*  *Rockymore's Title VII Claims are Untimely*

As set forth above, Rockymore's employment with Continental Management was terminated on August 22, 2019. (ECF No. 1, PageID.6). On January 14, 2020, Rockymore filed an EEOC charge against Continental Management, alleging race discrimination and retaliation under Title VII. (ECF No. 9-1, PageID.73). On August 6, 2020, the EEOC

5

dismissed Rockymore's charge and issued a RTS letter that expressly informed him of the need to file his federal claims within 90 days of his receipt of that document. (ECF No. 1, PageID.10-11, 14 ("Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.") (emphasis in original)). This instruction was consistent with the governing law, which provides that, in addition to exhausting administrative remedies in a timely fashion by filing an EEOC charge within the requisite time period, a plaintiff must file his federal Title VII claims within 90 days after the EEOC gives notice of the right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); *Graham-Humphreys v. Memphis Brooks Museum*, 209 F.3d 552, 557 (6th Cir. 2000) ("The federal courts have strictly enforced Title VII's ninety-day statutory limit."). "As many courts have held, Title VII's [90] day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim." *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-12050, 2013 WL 6163220, at *2 (E.D. Mich. Nov. 25, 2013) (internal citations omitted) (citing cases).

In light of the August 6, 2020 RTS letter issued by the EEOC, Rockymore was required to file suit related to his EEOC charge on or before **<u>November 8, 2020</u>** (assuming five days for mail delivery of the RTS letter).[1] Here, it is undisputed that Rockymore's complaint alleges Title VII claims (ECF No. 1, PageID.4), that he did not mail the complaint until, at the earliest, January 30, 2021[2], and that the complaint was not received

---

[1] In *Graham-Humphreys v. Memphis Brooks Museum*, 209 F.3d 552, 557 (6th Cir. 2000), the Sixth Circuit "resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration[.]") (emphasis in original).

[2] Rockymore's initial paperwork was received by the Court in an envelope that had a postage

by the Court and filed until March 8, 2021 (*id.*, PageID.19). Thus, Rockymore's complaint was filed some 215 days after issuance of the RTS letter – well outside the strictly enforced 90-day statutory limitation period.

In his complaint, Rockymore acknowledges that his lawsuit was not timely filed, blaming "the pandemic [which] has the whole world behind time . . . ." (*Id.*, PageID.15). In his response to Defendants' motion, Rockymore again blames his delay on the global COVID-19 pandemic, asserting for the first time that "all documents were mailed before [the] November 20, 2020 deadline[.]" (ECF No. 16, PageID.88). There are two problems with this assertion. First, Rockymore's complaint is signed and dated January 30, 2021; thus, it is impossible that it could have been filed at any point before then, let alone before November 20, 2020. *See, e.g., Romo v. Largen*, 723 F.3d 670, 674 n. 3 (6th Cir. 2013) (court need not accept allegations that are "blatantly contradicted by the record"). Second, as explained above, Rockymore's deadline was November 8, 2020, not November 20, 2020. Thus, even if Rockymore filed his complaint on November 20, 2020, it would still be untimely because it would have been filed twelve days after the actual deadline. *See Hudson*, 2013 WL 6163220, at *2 ("even one day's delay is fatal to a claim") (internal citations omitted).

While Rockymore's assertion that "life is behind" due to the COVID-19 pandemic (ECF No. 16, PageID.88) may be a fair characterization, the pandemic's general existence did not alter the 90-day limitations period in § 2000e-5(f)(1), which the Court must strictly

---

stamp but no postmark. (*Id.*, PageID.19).

enforce. *Graham-Humphreys*, 209 F.3d at 557. Nor did any state tolling provision that was put in place in the face of the pandemic impact *federal* filing deadlines. *See Byrd v. Pepsico/Frito-Lay*, No. 5:20-CV-01923, 2021 WL 307662, at *3 (N.D. Ohio Jan. 29, 2021) (holding that state "temporary tolling rules adopted in response to the Covid-19 pandemic did not modify or toll federal deadlines, like the 90-day deadline set forth in Section 2000e-5(f)(1)").

For all of the foregoing reasons, Rockymore's Title VII claims must be dismissed as untimely.[3]

### 2. Rockymore's State Law Claims also are Barred by the Applicable Statute of Limitations

In his complaint, Rockymore also purports to bring a retaliation claim under state law, presumably the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2701 *et seq.* (ECF No. 1, PageID.5). However, on September 29, 2011, Rockymore executed a Receipt of Employee Handbook (the "Acknowledgement"), wherein he agreed:

> … that, in partial consideration for employment of me by Continental

---

[3] Defendants also argue that Rockymore's Title VII claims must be dismissed against the individual defendants because these individuals are not subject to liability under Title VII as a matter of law. (ECF No. 9, PageID.70). Specifically, Title VII's anti-discrimination provision makes it unlawful for an "employer" to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). The Sixth Circuit has clearly held that "Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII." *Wathen v. General Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997) (affirming summary judgment in favor of individual defendants in Title VII case where they could not unilaterally take the complained-of adverse action); *see also Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751, 761-62 (E.D. Mich. 1998) (same). Here, where Rockymore has failed entirely to address Defendants' argument that there is no individual liability under Title VII in this case, even if the Court were to find that Rockymore's Title VII claims are timely – which they are not – his claims against the individual defendants should be dismissed.

> Management, that I will not commence against Continental Management or any of its employees, representatives, or related entities, **any action, suit or other legal proceeding relating in any way to my employment[4] or termination thereof later than: (1) six months after any claim or cause of action arises**, or (2) the expiration of any shorter statute of limitations imposed by law.

(ECF No. 9-2, PageID.75) (footnote added) (emphasis added).

Courts have held that ELCRA claims are subject to contractual limitations periods. *See Harwood v. North American Bancard LLC*, No. 18-12567, 2020 WL 2065480, at *10 (E.D. Mich. Apr. 29, 2020). "Unambiguous provisions shortening the period of limitations are enforceable under Michigan law unless the contract is unconscionable or otherwise against public policy." *Id.* at *10 (citing *Clark v. DaimlerChrysler Corp.*, 268 Mich. App. 138, 142 (2005)). In *Clark*, the Michigan Court of Appeals specifically found a contractual six-month limitations period for employment claims enforceable. *Id.* at 144. Numerous other courts have reached the same conclusion. *See, e.g., Steward v. New Chrysler*, 415 F. App'x 632, 638-39 (6th Cir. 2011) (upholding six-month contractual limitations period on ELCRA race discrimination claim) (citing *Thurman v. DaimlerChrysler*, 397 F.3d 352, 356-57 (6th Cir. 2004)); *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 242 (2001) (finding "no inherent unreasonableness" in a 180-day period of limitations); *Dedivanaj v. DaimlerChrysler Corp.*, No. 266769, 2007 WL 1791709, at *1 (Mich. Ct. App. June 21, 2007) (affirming dismissal of race discrimination claims filed outside the

---

[4] Here, it cannot be disputed that Rockymore's claims relate to his employment and termination. His complaint contains allegations regarding actions taken while he was employed by Continental Management, disciplinary actions he received, and his termination from employment. (ECF No. 1, PageID.8-9). Thus, the Acknowledgement is applicable to Rockymore's state law claim.

9

180-day contractual limitations period).[5]

Rockymore was terminated on August 22, 2019, and the state law contractual limitations period began to run – at the very latest – on that date. (ECF No. 1, PageID.6). Rockymore did not file his state law claim until March 8, 2021, more than 18 months after his termination and far outside the 6-month contractual limitations period. Indeed, for Rockymore's state law claim to be timely, it must have been filed on or before February 22, 2020, in accordance with the controlling contractual statute of limitations period. And, even in his response brief, where he asserts that "all documents were mailed before [the] November 20, 2020 deadline" (ECF No. 16, PageID.88), Rockymore does not allege that his state law claim was filed prior to February 22, 2020. On the contrary, his complaint is signed and dated January 30, 2021 (ECF No. 1, PageID.12), establishing that it could not have been filed prior to that date. Thus, Rockymore's state law claim also should be dismissed as untimely.

### III. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendants' Motion to Dismiss **(ECF No. 9)** be **GRANTED.**

Dated: September 22, 2021　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[5] Even if Rockymore argued that his vague state law claim is not being pled under the ELCRA – which he has not – it still would be subject to the contractual limitations period. As the *Clark* court recognized, "Michigan has no general policy or statutory enactment prohibiting the contractual modification of the periods of limitations provided by statute." *Id.* at 142. For this reason too, Rockymore's state law claim must be dismissed.

10

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
